■    THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICKIE MRAVLJA, Respondent.—Appeal from an order of the County Court of Schoharie County, entered June 7, 1978, which granted defendant's motion to dismiss the indictment charging her with the crime of endangering the welfare of an incompetent person. The issue for our review is whether dismissal of an indictment on the ground that Grand Jury minutes were legally insufficient to establish the commission by the defendant of the crime of endangering the welfare of an incompetent person was proper. A motion was made orally for inspection of Grand Jury minutes over the objection of the District Attorney and, subsequently, the indictment was dismissed by the court. CPL 210.30 requires that a motion to inspect Grand Jury minutes be in writing and state that there is reasonable cause to believe that the evidence was not legally sufficient to support the indictment. Moreover, it must contain sworn allegations of fact supporting such claim. The court can, notwithstanding a failure to make out reasonable

cause to inspect, proceed to inspect the minutes nonetheless. In the instant case, however, the court swept away the procedural requirements of the section and decided the motion without an opportunity for the District Attorney to be heard. Such disregard of procedural law should be avoided. The adversary system is the best guarantor both that justice will be evenly meted out to accused persons and the public protected from criminal transgressions. Since the issue before us is one of law, and for the purpose of economizing on judicial time, we will pass on the propriety of the dismissal of the indictment. The Grand Jury minutes indicate that the defendant on two occasions placed fecal matter into the mouth of an 80-year-old nursing home patient who was severely retarded and totally unable to care for herself. The patient's physician testified that the old woman could have choked on the feces, or contracted pneumonia, or developed a lung abscess if a particle of the fecal matter were to have entered one of her lungs. Section 260.25 of the Penal Law prohibits knowingly doing acts "in a manner likely to be injurious to the physical, mental, or moral welfare of one who is unable to care for himself because of mental disease or defect." Common human experience indicates that placing human waste in the mouth of another is inimical to his well-being. One need not be learned in science to discern such a possibility. Defendant was a nurse's aid entrusted with the responsibility of guarding the health of those in her charge and, consequently, was more fully cognizant of the requirements of rudimentary hygiene than the average person. Thus, it is clear that defendant must have known that her acts were such that society would find likely to be injurious to the welfare of the old woman. The evidence was sufficient to support the indictment. Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Schoharie County for trial. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.